b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MYKELL KIRK,                                    CIVIL DOCKET NO. 1:25-CV-00751
Plaintiff

VERSUS                                          JUDGE ALEXANDER C. VAN HOOK

DIXIE EXPRESS L L C ET AL,                      MAGISTRATE JUDGE PEREZ-MONTES
Defendants

## MEMORANDUM ORDER

Before the Court are (1) a Motion to Quash and for Protective Order (ECF No. 35) filed by Defendants Dixie Express, LLC ("Dixie") and Kelvontae Singleton ("Singleton") and (2) a Motion to Compel (ECF No. 37) filed by Plaintiff Mykell Kirk ("Kirk").

Because Singleton does not have good cause for a protective order, IT IS ORDERED that Singleton's Motion to Quash and for Protective Order (ECF No. 35) is DENIED. Singleton is ORDERED to appear for a deposition at a mutually agreeable time and place no later than fourteen days from the issuance of this Memorandum Order. Attendance at the rescheduled deposition is mandatory. While the parties are encouraged to schedule the deposition at a time when Singleton is not working, the Court will not entertain any further motions seeking relief from attendance at a deposition that conflicts with Singleton's work schedule. Failure to attend may result in the issuance of sanctions.

IT IS FURTHER ORDERED that Singleton's request for costs and fees (ECF No. 35) is DENIED.

Because Kirk has not demonstrated that the requested materials fall within the bounds of permissible discovery, IT IS ORDERED that Singleton's Motion to Compel (ECF No. 37) is DENIED.

IT IS FURTHER ORDERED that Kirk's Motion for Sanctions (ECF No. 37) is DENIED IN PART AND GRANTED IN PART.

Kirk's Motion for Sanctions (ECF No. 37) is GRANTED only to the extent that Kirk seeks sanctions pursuant to Federal Rule of Civil Procedure 37(d). Singleton and his attorney are ORDERED to pay Kirk the reasonable attorney's fees and costs associated with the filing of Kirk's opposition, including portions related to the request for sanctions, and costs related to the court reporter and videographer cancellation for the June 25, 2026, deposition. If the parties are unable to agree regarding the amount of reasonable costs and fees, Kirk may file a Motion for Fees and Costs within twenty-one days of the issuance of this Memorandum Order. Any opposition is due within seven days.

Kirk's Motion for Sanctions (ECF No. 37) is DENIED IN ALL OTHER RESPECTS.

## I.    Background

This lawsuit arises out of a motor vehicle accident on May 30, 2024. ECF No. 2. Kirk alleges that Singleton "struck the rear and passenger side of the vehicle

occupied by [Kirk], causing the subject vehicle collision." *Id.* ¶5. Kirk further alleges the vehicle operated by Singleton was owned by Dixie. ECF No. 2. ¶5.

Kirk asserted claims against Dixie and Singleton, among others, in the 28th Judicial District in Lasalle Parish, Louisiana. ECF No. 2 at 3. The case was removed based on diversity jurisdiction. ECF No. 1.

On January 5, 2026, Kirk's counsel emailed counsel for Defendants with her January and February availability for depositions. ECF No. 37-1 at 1. On January 7th, Singleton's counsel stated he would speak to Singleton about scheduling a deposition. ECF No. 37-2 at 3. Later that day, Singleton's counsel reported that Singleton could be available for a deposition in February. *Id.* at 2. Singleton had also informed him that he worked five days a week in Natchez, Mississippi. *Id.* at 2–3. On January 8th, Singleton's counsel stated that he would "acquire Singleton's availability for March." ECF No. 37-2 at 1.

On January 16th, Kirk's counsel indicated that all counsel of record had "agreed to hold" several March dates open to schedule depositions. ECF No. 37-4 at 1. On January 27th, Kirk's counsel asked if Singleton's counsel had confirmed a date and location for Singelton's deposition. ECF No. 37-5. The next day, Singleton's counsel responded that he would call Singleton about dates. ECF No. 37-6.

On March 20th, Kirk's counsel sent discovery requests to Singleton's counsel. ECF No. 37-9 at 1, 3–22. Kirk's counsel also requested that Singleton's counsel contact Singleton about scheduling his deposition. *Id.* at 1. On March 27th, Singleton's counsel forwarded Dixie's and Singleton's responses to Kirk's requests for admissions.

ECF No. 37-10 at 1. Singleton's counsel additionally indicated that he was "still trying to reach [] Singleton to acquire a date from him." *Id.*

On April 18th, Kirk's counsel stated she wanted to depose Singleton "ASAP" and that the parties "need[ed] to lock in one of the" held dates "without any further delay." *Id.* at 23. She additionally requested "complete discovery responses" by April 20th. *Id.* at 24.

On April 20th, Singleton's counsel responded that he was "working with [] Singleton and his new employer on a date." *Id.* at 23. On April 23rd, Kirk's counsel emailed that "[a]nother week ha[d] gone by that no depositions were set because [she] still [had] not been given confirmation on dates and location for [] Singleton." *Id.* at 22. She asked Singleton's counsel to "confirm dates and locations of his deposition asap." *Id.* Finally, she reiterated that she still needed discovery responses. *Id.*

On April 24th, another defendant indicated he would be available for a deposition on April 29th. *Id.* at 20. Kirk's counsel asked Singleton's counsel to confirm whether Singleton would be available for a deposition on that same day. *Id.* at 19. Kirk's counsel also stated she would need Singleton's "discovery responses sufficiently in advance of" the deposition. *Id.* Singleton's counsel responded that "Singleton has proved difficult to reach," and he had not "heard back from him despite several calls." *Id.* at 18.

On April 28th, Kirk's counsel represented that all counsel of record had agreed to "hold" the following deposition dates: May 13th, May 22nd, May 29th, June 8th, June 9th, June 25th, and June 26th. *Id.* at 14. Singleton's counsel indicated he would

continue to attempt to contact Singleton to receive his discovery responses and to set a deposition date. *Id.*

On May 4th, Singleton and Dixie filed a motion to extend certain pretrial deadlines because of "complications encountered preparing a defense in this matter." ECF No. 33 at 1. In relevant part, Singleton's counsel represented that he "has had a tough time reaching [] Singleton." *Id.* The Court granted this motion and extended the discovery deadline to August 10, 2026, Kirk's expert reports deadline to September 10, 2026, and Defendants' expert reports deadline to September 25, 2026. ECF No. 34.

On May 17th, Kirk's counsel referred to the extension but stated she was "very concerned that another 2 weeks [had] [] passed" without receiving either discovery responses or a confirmed date or location for depositions. ECF No. 35-10 at 13. She informed counsel that she would set the depositions for one of the dates the parties had been holding if she did not receive confirmation of dates and locations for the depositions by May 20th. *Id.* On May 21st, Singleton's counsel responded that he had "called and texted [Singleton] on several occasions but to no avail." *Id.* at 12.

On June 3rd, Kirk's counsel stated it was "imperative [she] be able to depose all defendants" on one of the remaining held dates. *Id.* at 10. With respect to Singleton, she informed his counsel that she could not "wait any longer for [him] to locate [his] client . . . and lock in a deposition date. Therefore, [she would] be setting his deposition on June 25 or 26 since the parties agreed to hold those dates." *Id.*

Singleton's counsel informed Kirk's counsel that Singleton was not available for a deposition on June 8th, 25th, or 26th but was available for a deposition on July 22nd. *Id.* at 9. Kirk's counsel responded that she would not agree "to put off his deposition that far," and Singleton "need[ed] to make himself available on one of the dates [they were] holding." *Id.* She argued that the July dates were "too close to [their] discovery deadline and [Kirk's] expert deadline." *Id.* Singleton's counsel responded that the offered July 22nd date was "well within the discovery period," but he would ask Singleton for other dates. *Id.* at 8.

Kirk's counsel argued Singleton had ignored their previous deposition requests and thus could not "arbitrarily finally give us a single day that is 7 weeks away." *Id.* at 7. She then stated the selected date was not a date that counsel had agreed on to hold for depositions. *Id.* Finally, she argued that the date was "only 18 days prior to the discovery and related motions deadline." *Id.*

On June 4th, Kirk's counsel emailed Singleton's counsel a letter outlining deficiencies in his clients' discovery responses. ECF No. 37-25 at 1. The attached letter indicated that the discovery had been propounded to both Singleton and Dixie but only Dixie had responded. *Id.* at 2. Kirk requested "complete responses to all discovery on behalf of both defendants, including [] Singleton[,] prior to the Corporate Deposition set for June 9, 2026." *Id.* Later that day, Kirk's counsel stated she had not "heard back . . . regarding the issues with [] Singleton's deposition . . . and defendants' discovery responses (including . . . no response on discovery from [] Singleton . . . )."

6

ECF No. 35-10 at 6. Kirk's counsel later asked if Singleton would be available for a deposition on June 25th or 26th. *Id.* at 5.

On June 8th, Kirk's counsel asked if Singleton's counsel "had any luck explaining to [] Singleton that the parties have been holding dates for his deposition" and that the only remaining dates were June 25th or 26th. *Id.* at 3. Singleton's counsel responded that Singleton could not be deposed on those dates because of his work schedule. *Id.* at 2. He offered July 2nd or 3rd as alternative deposition dates. *Id.*

On June 10th, Kirk's counsel stated she would be unavailable for a deposition on July 2nd or 3rd because she had a pre-planned family vacation. *Id.* at 1. She stated she was "not unsympathetic to [] Singleton's work schedule," but she had "no choice but to schedule his deposition for June 25." *Id.* Singleton's counsel reiterated that Singleton would not be available. ECF No. 35-11. He He stated he would file a motion to quash and for a protective order. *Id.* Kirk's counsel responded that she was setting the deposition for June 25th. ECF No. 35-12. She attached a Notice of Deposition to her email. *Id.*; *see also* ECF No. 35-13.

On June 12th, Singleton filed his Motion to Quash and for Protective Order. ECF No. 35. Singelton argues Kirk "unilaterally noticed a deposition of a party for a date which counsel knows the party can't attend and then refused to work with counsel on other dates." ECF No. 35-1 at 9. He urges that the actions of Kirk's counsel "have resulted in unnecessary and additional motion practice before this court," and he consequently seeks "all costs and fees for having to file this motion." *Id.* at 10.

On June 23rd, Kirk's counsel stated that Singleton's deposition was still scheduled for June 25th in Natchez, Mississippi. ECF No. 37-32 at 33. Singleton's counsel requested a zoom link for Singleton's noticed deposition but reiterated that Singleton was "working and [would] not be there." *Id.*

On June 24th, Kirk's counsel sent an email to Singleton's counsel confirming she had asked Singleton to appear for the scheduled deposition. ECF No. 37-32 at 32. She stated that the Court had not granted Singleton's pending motion and, as such, Singleton was "obliged to appear." *Id.* On June 25th, Singleton failed to appear for the noticed deposition. ECF No. 37-32 at 4–7.

Kirk subsequently filed his opposition. ECF No. 37. This opposition also contains Kirk's Cross-Motion to Compel and Motion for Sanctions. *Id.* Kirk maintains he "exercised utmost diligence to coordinate discovery within the boundaries of the Court's scheduling order for nearly six months and . . . made numerous efforts to amicably resolve the issues." *Id.* at 2. Kirk moves the Court to compel Singleton to answer written discovery and to appear for his deposition. *Id.* at 1. Kirk also seeks discovery sanctions. *Id.* at 8.

## II.    Law and Analysis

### A.    Motion to Quash and for Protective Order

Federal Rule of Civil Procedure 26(b)(1) provides for the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." However, "[a] party . . . from whom discovery is sought may move for a protective order[,]" and "[t]he court may, for good cause, issue an order to

protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The order may specify the time and place for discovery. Fed. R. Civ. P. 26(c)(1)(B). Here, Singleton moves the Court to quash the June 25, 2026, deposition because of his work obligations and to order the parties to confer in good faith to set a new deposition. ECF No. 35-1 at 10.

Ultimately, the Court finds Singleton's request for a protective order should be denied. The Court agrees "it is unprofessional to unilaterally set the deposition of a party represented by counsel without making any prior attempt to find a mutually convenient date." *B.K. by & through K.K. v. St. Catherine of Siena Sch.*, No. 21-CV-1339, 2022 WL 3027838, at *3 (E.D. La. Aug. 1, 2022). But the record before the Court is replete with Kirk's attempts to find a mutually convenient date. Indeed, for months, Kirk attempted to schedule a deposition that would be convenient for all counsel of record and Singleton. Singleton inexplicably failed to communicate with his counsel about the deposition during that period. He cannot conscionably argue that Kirk did not attempt to find a mutually convenient date when he is one who largely declined to participate in those conversations.

The Court appreciates that Singleton now appears to actively be communicating with his counsel. However, Singleton's recent attempts to find a mutually convenient date do not negate the several months spent by Kirk's counsel to schedule the deposition. While Singleton may have had work obligations on the June deposition dates, Singleton says nothing of his availability during the previous months Kirk attempted to depose him. Had Singleton communicated with his counsel

9

prior to nearly the end of discovery, any work conflicts that arose could have been addressed.[1] Singleton may not delay this matter through his refusal to communicate and then benefit from that refusal by setting a deposition date convenient to him.[2] Any "undue burden" created by attending the deposition largely results from Singleton's own actions and, as such, does not constitute good cause for a protective order.

Because Singleton declined to communicate with his counsel regarding the numerous efforts to depose him, any burden created by his alleged work conflict is not good cause for a protective order. Accordingly, Singleton's Motion to Quash and for Protective Order must be denied.

### B. Motion to Compel

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery. It provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Federal Rule of Civil Procedure 37 allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "The moving party bears the burden of showing

---

[1] Singleton briefly argues he was "put in a position out of [his] control and did everything [he] could to work with plaintiff." ECF No. 40 at 4. Quite frankly, Singleton's decision to not communicate with his counsel largely contributed to the situation at hand.

[2] The dates selected by Singleton either do not allow for adequate post-deposition discovery or the attendance of all counsel of record.

that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Van Dyke v. Retzlaff*, No. 18-CV-247, 2020 WL 1866075, at *1 (E.D. Tex. Apr. 14, 2020). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted." *Id.*

Rule 37 of the Federal Rules of Civil Procedure mandates that a movant's motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel. *See Dean v. Akal Security, Inc.*, No. 18-CV-00033, 2019 WL 1549017, at *3 (W.D. La. 2019) (citing *Cottonham v. Allen*, No. 14-CV-729, 2016 WL 4035331, at *2 (M.D. La. 2016); *Shaw Group Inc. v. Zurich American Insurance Co.*, No. 12-CV-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014)).

Here, Kirk moves to compel Singleton to provide complete discovery responses. ECF No. 37. However, Kirk does not explain how the information sought is relevant or will lead to the discovery of admissible evidence. This is his burden. *Van Dyke*, 2020 WL 1866075, at *1. The Court will not compel discovery where the relevance of that discovery has not been established.

Because Kirk failed to satisfy his burden for relief, the Motion to Compel must be denied. The Court encourages the parties to attempt to resolve any discovery dispute without court intervention.

### C.  Motions for Sanctions and/or Reasonable Expenses

Kirk moves for sanctions, fees, and costs pursuant to Federal Rules of Civil Procedure 16(f), 26(c)(3), and 37(d) and Local Rule 7.4.1.[3] ECF No. 37 at 1, 8. Singleton seeks costs and fees under 28 U.S.C. § 1927. ECF No. 35-1 at 10. The Court addresses each request in turn.

### i.  Federal Rule of Civil Procedure 16(f)

Rule 16 allows for sanctions where a party or attorney "fails to appear at a scheduling or other pretrial conference," "is substantially unprepared to participate," or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). These circumstances are not present here, and, as such, Rule 16(f) does not authorize sanctions. Accordingly, sanctions are not warranted under this provision.

### ii.  Federal Rules of Civil Procedure 26(c)(3) and 37(a)(5)

Rule 26(c)(3) provides that Rule 37(a)(5) applies to expenses related to protective orders. Fed. R. Civ. P. 26(c)(3). Rule 37(a)(5), in relevant part, provides that where a motion for protective order is denied, the Court must require the movant, filing attorney, or both to pay the opponent "its reasonable expenses incurred in opposing the motion, including attorney's fees," unless "the motion was

---

[3] Kirk also cites Federal Rule of Civil Procedure 30(b). This provision does not independently provide for sanctions, and the Court will not guess as to which provision Kirk intended to reference. Accordingly, to the extent Kirk seeks sanctions under this provision, such request must be denied.

substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). "Substantially justified" means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotations omitted).

Here, the Court has denied Singleton's Motion to Quash and for Protective Order. Although that motion has now been found meritless, Singleton was substantially justified in filing that motion. Therefore, sanctions under this provision are not warranted.

### iii.  Federal Rule of Civil Procedure 37(d)

Rule 37 authorizes sanctions where a party "fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). In addition or alternative to the sanctions set forth in Rule 37(b)(2)(A), the Court must require the non-appearing party, the attorney advising that party, or both to "pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

"[T]he mere act of filing a motion to quash or motion for a protective order does not relieve a party of the duty to appear. . . . [A] party is obliged to appear for a properly noticed deposition until a court order excuses attendance." *Hamm v. Acadia Healthcare Co., Inc.*, No. 20-CV-1515, 2024 WL 1463168, at *5 (E.D. La. Apr. 4, 2024) (citing *King v. Fidelity Nat'l Bank of Baton Rouge*, 712 F.2d 188, 191 (5th Cir. 1983) (per curiam); *Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979)). And "[p]arties

13

may not escape sanctions simply by notifying the attorney who noticed the deposition that they will not appear." *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585. 592 (S.D. Tex. 2011) (quoting *Peyman v. Rayan*, No. 09-CV-1384, 2011 WL 976925, at *1 (D.Nev. March 18, 2011)).

Here, Kirk urges the Court to sanction Singleton by either preventing him from testifying or striking his defenses. ECF No. 37 at 10. In addition or alternative to those sanctions, Kirk seeks the costs and fees related to the June 25th deposition and the filing of his opposition and motion. *Id.* at 9.

Preventing Singleton's testimony or striking his defenses is not warranted in these circumstances. While Singleton's behavior may have been unprofessional, his behavior was not so egregious as to warrant such extreme sanctions. However, lesser sanctions are warranted, for his failure to appear for the noticed deposition, "even with a pending motion for protective order, is not substantially justified." *Hamm*, 2024 WL 1463168, at *5. Specifically, the Court assesses Singleton and his attorney with cost and fees related to the filing of Kirk's opposition, including portions related to the request for sanctions.[4] The Court will additionally assess Singleton and his attorney with costs related to the court reporter and videographer cancellation.

The Court declines to assess attorney's fees related to the deposition. Kirk and his counsel were notified on multiple occasions that Singleton would not appear for the deposition and thus "share[] some responsibility for [their] wasted time." *Fuller v. D. L. Peterson Tr. Co.*, No. 17-CV-0408, 2018 WL 11449348, at *3 (W.D. La. May

---

[4] Portions related to the Motion to Compel are not compensable, for the Court has found that request meritless.

4, 2018). Moreover, Singleton's deposition will occur, so preparation completed for the previous deposition will "ultimately [be] put to use." *Hamm*, 2024 WL 1463168, at *5.

### iv.   Local Rule 7.4.1

Local Rule 7.4.1 provides that, "prior to filing any non-dispositive motion, the moving party must confer with the interested party and try to resolve the relevant issues, in whole or in part, without court intervention." Kirk does not explain the basis for seeking sanctions pursuant to this provision. And a review of the record demonstrates that the parties tried to resolve this dispute without court intervention. Therefore, sanctions are not warranted under this provision.

### v.   28 U.S.C. § 1927

The Court may assess excess costs, expenses, and attorney's fees reasonably incurred where an attorney "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Singleton argues that the actions of Kirk's counsel "resulted in unnecessary and additional motion practice before this court." ECF No. 35-1 at 10. Although the Court believes the parties could (and should) have resolved the instant scheduling dispute without court intervention, Kirk's counsel did not act unreasonably and vexatiously. Nor did she unnecessarily multiply the proceedings in this matter. Accordingly, costs and fees are not warranted under this provision.

### III.   Conclusion

Because Singleton does not have good cause for a protective order, IT IS ORDERED that Singleton's Motion to Quash and for Protective Order (ECF No. 35) is DENIED. Singleton is ORDERED to appear for a deposition at a mutually

agreeable time and place no later than fourteen days from the issuance of this Memorandum Order. Attendance at the rescheduled deposition is mandatory. While the parties are encouraged to schedule the deposition at a time when Singleton is not working, the Court will not entertain any further motions seeking relief from attendance at a deposition that conflicts with Singleton's work schedule.

IT IS FURTHER ORDERED that Singleton's request for costs and fees (ECF No. 35) is DENIED.

Because Kirk has not demonstrated that the requested materials fall within the bounds of permissible discovery, IT IS ORDERED that Singleton's Motion to Compel (ECF No. 37) is DENIED.

IT IS FURTHER ORDERED that Kirk's Motion for Sanctions (ECF No. 37) is DENIED IN PART AND GRANTED IN PART.

Kirk's Motion for Sanctions (ECF No. 37) is GRANTED only to the extent that Kirk seeks sanctions pursuant to Federal Rule of Civil Procedure 37(d). Singleton and his attorney are ORDERED to pay Kirk the reasonable attorney's fees and costs associated with the filing of Kirk's opposition, including portions related to the request for sanctions, and costs related to the court reporter and videographer cancellation for the June 25, 2026, deposition. If the parties are unable to agree regarding the amount of reasonable expenses, Kirk may file a Motion for Fees and Costs within twenty-one days of the issuance of this Memorandum Order. Any opposition is due within seven days.

16

Kirk's Motion for Sanctions (ECF No. 37) is DENIED IN ALL OTHER RESPECTS.

SIGNED on Monday, July 13, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE