b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MYKELL KIRK,<br>Plaintiff | CIVIL DOCKET NO. 1:25-CV-00751 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| DIXIE EXPRESS L L C ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

# MEMORANDUM ORDER

Before the Court are (1) a Motion for Reconsideration of Award Granting Sanctions Under Rule 37 (ECF No. 45) filed by Defendants Dixie Express, LLC and Kelvontae Singleton ("Singleton") (collectively, "Defendants"), and (2) a Motion for Attorney's Fees and Costs Associated with Rule 37(d) Discovery Sanctions in Accordance with the Court's Order (ECF No. 47) filed by Plaintiff Mykell Kirk ("Kirk").

Based on the presentation of new evidence, IT IS ORDERED that the Motion for Reconsideration of Award Granting Sanctions Under Rule 37 (ECF No. 45) is GRANTED IN PART and DENIED IN PART. Specifically, the Motion is GRANTED only to the extent that Defendants seek reconsideration of (1) the assessment of sanctions against Singleton's counsel, and (2) the award of fees and costs related to the filing of Kirk's opposition to the Motion to Quash and for Protective Order. The Motion is DENIED in all other respects.

The Court reaffirms that Singleton is ORDERED to pay Kirk costs related to the court reporter and videographer cancellation for the June 25, 2026, deposition.

Because the Court has issued additional guidance with respect to the sanctions award, IT IS FURTHER ORDERED that the Motion for Attorney's Fees (ECF No. 47) is DENIED AS MOOT. If the parties are still unable to agree regarding the amount of reasonable costs and fees, Kirk may file a Motion for Fees and Costs within twenty-one days of the issuance of this Memorandum Order. Any opposition is due within seven days.

## I. Background

This lawsuit arises out of a motor vehicle accident on May 30, 2024. ECF No. 2. Kirk alleges that Singleton "struck the rear and passenger side of the vehicle occupied by [Kirk], causing the subject vehicle collision." *Id.* ¶5.

Between January 5, 2026, and June 10, 2026, Kirk's efforts to depose Singleton were unsuccessful.[1] After Kirk unilaterally set a deposition for Singleton, Singleton filed a Motion to Quash and for Protective Order. ECF No. 35. Singleton did not appear for the noticed deposition. Kirk subsequently filed an opposition to Singleton's Motion to Quash and for Protective Order and a Cross-Motion to Compel and Motion for Sanctions. ECF No. 37.

The Court denied Singleton's Motion to Quash and for Protective Order, finding he failed to demonstrate good cause. ECF No. 43 at 8–10. The Court denied Kirk's Motion to Compel because Kirk had failed to identify the relevance of the

[1] A more detailed factual background outlining these efforts can be found in the Court's previous Memorandum Order. *See* ECF No. 43.

discovery sought. *Id.* at 10–12. The Court granted in part and denied in part Kirk's request for sanctions. *Id.* at 12–15. The Court sanctioned Singleton and his counsel under Federal Rule of Civil Procedure 37(d) by assessing them with the reasonable attorney's fees and costs associated with Kirk's opposition and costs related to the court reporter and videographer cancellation for the deposition. *Id.* at 2.

Defendants now move the Court for reconsideration of that Memorandum Order. ECF No. 45. Defendants contend new evidence establishes that the award of sanctions is unwarranted. *Id.* at 1–2. Defendants further aver that an award of attorney's fees for Kirk's opposition is not appropriate under Rule 37(d). *Id.* at 2. Kirk responds that he does not "fault[] defense counsel for [] Singleton's failure to appear," but he maintains sanctions are warranted. ECF No. 49 at 2.

## II. Law and Analysis

No Federal Rule of Civil Procedure specifically applies to a motion to reconsider. *Cressionnie v. Hample*, 184 Fed. App'x. 366, 369 (5th Cir. 2006); *Shepard v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004). A district court may reconsider an interlocutory order pursuant to Federal Rule of Civil Procedure 54(b), which allows courts to revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . before the entry of judgment." Fed. R. Civ. P. 54(b). "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Six Dimensions, Inc. v. Perficient, Inc.*, 969 F.3d

219, 227 (5th Cir. 2020) (quoting *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)).

Here, Defendants aver reconsideration is warranted because (1) new evidence demonstrates Singleton's counsel acted professionally and had no control over Singleton, (2) new evidence demonstrates Singleton had multiple cell phones and would have been forced to forfeit his employment had he appeared, and (3) the Court inappropriately awarded sanctions for opposing the Motion to Quash and for Protective Order. ECF No. 45. For the reasons set forth below, the Court finds partial reconsideration of its Memorandum Order is warranted.

To begin, evidence submitted by Singleton and statements made by Kirk in his opposition warrant reconsidering the assessment of fees and costs against Singleton's counsel. This Court interpreted Kirk's request for sanctions as a request for sanctions against both Singleton and his counsel. But Kirk has now indicated he does not "fault[] defense counsel for [] Singleton's failure to appear for his deposition." ECF No. 49 at 2. He further represents that Singleton's counsel likewise "acted at all times in a professional manner and never made any misrepresentations to the parties or to the court." *Id.* The declaration attached to Singleton's Motion for Reconsideration similarly confirms that his counsel "always acted as per the code of Professionalism," "has always been upfront with counsel regarding communication difficulties with his client," and made no misrepresentations. ECF No. 45-2 at 1–2. Given these representations, the Court finds sanctions against Singleton's counsel are not warranted. Singleton's decision not to appear for the deposition was out of his

counsel's control, and his counsel acted professionally in informing the other parties and filing a request for Court relief.

For these same reasons, the Court finds an award of fees related to Kirk's opposition is inappropriate in these circumstances. That award was largely based on what the Court perceived to be accused misconduct on the part of Singleton's counsel. Moreover, the Court found that the filing of the Motion to Quash and for Protective Order was substantially justified and thus agrees that fees related to opposing that motion should not have been assessed.

But reconsideration is not warranted for the sanction assessing Singleton with costs related to the court reporter and videographer cancellation. Singleton contends that "new evidence shows that [] Singleton was using more than one cell phone during the time [that] [] [his counsel] was attempting to reach him, and he was not keeping up with the messages on the phone on which [his counsel] was attempting to reach him." ECF No. 45 at 1. He additionally argues he would have been forced "to forfeit his employment" had he attended the deposition. ECF No. 45-1 at 3.

However, this purported new evidence has not been presented to the Court, for "[s]tatements by counsel in briefs are not evidence." *Skyline Corp. v. N.L.R.B.*, 613 F.2d 1328, 1337 (5th Cir. 1980). Thus, Singleton has not established either that Singleton had multiple cellphones or that he would have been fired for attending the deposition.

Despite the lack of supporting evidence, this proffered excuse falls far short of showing that Singleton did not "exhibit[] willful disobedience or gross misconduct."

ECF No. 45-1 at 8. Singleton previously communicated with his counsel using his cellphone, and he is responsible for communicating with his counsel promptly. That he purportedly has two phones[2] does not absolve him of his responsibility to participate in the discovery process in a timely manner. As this Court has already observed, Singleton's failure to communicate with his counsel forced the unilaterally noticed deposition. Any work conflict resulted from his failure to communicate. Accordingly, the Court finds no sufficient reason for revising the assessment against Singleton for the costs and fees related to the deposition.

## III. Conclusion

Based on the presentation of new evidence, IT IS ORDERED that the Motion for Reconsideration of Award Granting Sanctions Under Rule 37 (ECF No. 45) is GRANTED IN PART and DENIED IN PART. Specifically, the Motion is GRANTED only to the extent that Defendants seek reconsideration of (1) the assessment of sanctions against Singleton's counsel, and (2) the award of fees and costs related to the filing of Kirk's opposition to the Motion to Quash and for Protective Order. The Motion is DENIED in all other respects.

The Court reaffirms that Singleton is ORDERED to pay Kirk costs related to the court reporter and videographer cancellation for the June 25, 2026, deposition.

Because the Court has issued additional guidance with respect to the sanctions award, IT IS FURTHER ORDERED that the Motion for Attorney's Fees (ECF No. 47) is DENIED AS MOOT. If the parties are still unable to agree regarding the

---

[2] Kirk seemingly challenges the representation that Singleton possesses two cellphones. *See* ECF No. 49 at 4.

amount of reasonable costs and fees, Kirk may file a Motion for Fees and Costs within twenty-one days of the issuance of this Memorandum Order. Any opposition is due within seven days.

SIGNED on Tuesday, October 6, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE